UNITED STATES of America,
Plaintiff–Appellee,

v.

Hugo RODRIGUEZ–MOTA,
Defendant–Appellant.

No. 05–50459.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 14, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Walter Mabry Reaves, Jr., Law Offices of Walter Reaves, West, TX, for Defendant–Appellant.

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Hugo Rodriguez–Mota raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the judgment of the district court is AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan Jose MEJIA–MEJIA,
Defendant–Appellant.

No. 05–50554.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 14, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Juan Jose Mejia–Mejia raises argu-

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

ments that are foreclosed by *Almendarez-Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**Shauntell Maurice SUMMERALL, Plaintiff–Appellant,**

**v.**

**Dr. Lorenzo CABE, Doctor, Medical Personnel; Dr. Cherie Pettit, Doctor, Medical Personnel; Dr. "Unknown" Touchstone, Doctor, Medical Personnel; Gregory Johnson; Jessie J. Streeter; Jeffery Hunter; Anthony Standley; Jeffery Carver; Morris Johnson, Defendants–Appellees.**

No. 05–60403.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 14, 2005.

Shauntell Maurice Summerall, Mississippi Department of Corrections, Parchman, MS, pro se.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM: \*

Shauntell Maurice Summerall, Mississippi prisoner # R6322, has filed an application to proceed in forma pauperis (IFP) on appeal following the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim for which relief could be granted. Summerall is effectively challenging the district court's certification that he should not be granted IFP status because his appeal is not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir.1997); 28 U.S.C. § 1915(a)(3); FED. R.APP. P. 24(a).

Summerall's assertion that he did not receive the order denying him IFP which contained the *Baugh* certification is not supported by the record, which contains two signed acknowledgments by Summerall that he received the district court's orders dated May 25, 2005, which included the IFP denial and certification.

By failing to direct his motion solely to the district court's reasons for the certification decision, Summerall has effectively abandoned the only issue that is properly before this court. *See Baugh,* 117 F.3d at 202; *Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993). Accordingly, Summerall's request for IFP status is denied, and his appeal is dismissed as frivolous. *See Baugh,* 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2.